Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
(949) 720-9200
Fax (949) 608-0128
Attorneys for Movant
U.S. Bank National Association, as trustee for the holders
of the First Franklin Mortgage Loan Trust 2006-FF10 Mortgage
Pass-Through Certificates, Series 2006-FF10

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>DAVID MEDINA and MELANIE LYNN MEDINA<br><br>    Debtors. | CASE: 11-22083<br><br>CHAPTER 7<br><br>REF.: ASW-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF GINA HIATT IN SUPPORT THEREON<br><br>DATE: May 16, 2011<br>TIME: 10:00 am<br>CTRM: 28<br>U.S. Bankruptcy Court<br>501 I Street<br>Sacramento, CA 95814 |

The Motion of U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF10 Mortgage Pass-Through Certificates, Series 2006-FF10, respectfully shows as follows:

    1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2. This Motion is brought pursuant to Local Rule 9014-1(f)(1)(ii) written opposition, if any, to the granting of

Matter I.D. 6401-6440

the Motion shall be in writing and shall be served on the moving party and filed with the Clerk by the responding party at least fourteen (14) days preceding the noticed date of the hearing. Unless written opposition and supporting evidence are timely filed with the Court, without good cause, no party will be heard in opposition to the Motion at oral argument. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the granting of the Motion.

Opposition to the Motion shall be served on counsel for Movant as follows:

THE WOLF FIRM
2955 Main Street, Second Floor
Irvine, CA 92614
(949) 720-9200
Fax (949) 608-0128

3. On January 27, 2011, a petition under Chapter 7 of the Bankruptcy Code was filed by the Debtors.

4. GARY FARRAR, Trustee is the Chapter 7 Trustee for this case.

5. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

6. Movant is the beneficiary under a Deed of Trust which secures a Promissory Note ("Note") in the principal sum of $280,000, with the Note all due and payable on May 1, 2036. The Note and Deed encumber real property commonly known as:

Matter I.D. 6401-6440

1    1635 Porter Way, Stockton, CA 95207 ("Property")

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of GINA HIATT.

    7.   The beneficial interest under the Deed of Trust is currently held by Movant by way of Assignment.  See Declaration of GINA HIATT.

    8.   There was a default under the terms of the Note and Deed of Trust and on October 6, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

    9.   On January 7, 2011, Movant caused to be recorded a Notice of Sale.

    10.  The Property is not Debtors' principal residence.

    11.  As of February 8, 2011, the Debtors has failed to tender 9 of the contractual payments which have fallen due under the Note and Deed of Trust.

    12.  The total amount due under Note and Deed of Trust as of February 8, 2011, exclusive of attorney's fees and costs, was approximately $315,042.26.  See Statement of Indebtedness attached hereto as Exhibit "1".

    13.  The Property is also encumbered by additional liens and arrearages which, when added to Movant's lien and arrearages secured thereby, total approximately $419,384.26.

    14.  Movant requests the Court take Judicial Notice that the Debtors' Schedule "A" provides the fair market value of the Property to be approximately $157,000.00.  A

Matter I.D. 6401-6440

1. true and correct copy of Schedule "A" is attached hereto as
2. <u>Exhibit "2"</u> and incorporated by reference.
3.     15. Movant requests the Court take Judicial Notice
4. that the Debtors' Schedule "D" reflects the Property is
5. encumbered by 2 additional liens. A true and correct copy
6. of the Debtors' Schedule "D" is attached hereto as <u>Exhibit
7. "3"</u> and incorporated by reference.
8.     16. Due to the liens, encumbrances and arrearages
9. existing against the Property, and due to current market
10. trends and costs of sale, the Debtors does not have any
11. equity in the Property.
12.     17. The Debtors has no reasonable prospect for
13. reorganization and the Property is not necessary for an
14. effective reorganization.
15.     18. Movant does not have, and has not been offered,
16. adequate protection for its interest in the Property and the
17. passage of time will result in irreparable injury to
18. Movant's interest in the Property including, but not limited
19. to, loss of interest and opportunity.
20.     WHEREFORE, Movant prays for the judgment against
21. Respondents as follows:
22.     (1) That the automatic stay be terminated or annulled
23. so that Movant may exercise or cause to be exercised any and
24. all rights under its Note and/or Deed of Trust and any and
25. all rights after the foreclosure sale, including, but not
26. limited to, the right to consummate foreclosure proceedings
27.

Matter I.D. 6401-6440

1 | on the property and the right to proceed in unlawful
2 | detainer;
3 |     (2)   For reasonable attorneys' fees;
4 |     (3)   For the waiver of the 14 day stay pursuant to
5 | Bankruptcy Rule 4001(a)(3).
6 |     (4)   For such other and further relief as the Court
7 | deems just and proper.
8 | Dated:   April 15, 2011

/s/Daniel K. Fujimoto
DANIEL K. FUJIMOTO
Attorneys for Movant
U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF10 Mortgage Pass-Through Certificates, Series 2006-FF10

Matter I.D. 6401-6440